## WILLIAM J. COKER *v.* MAY BREVARD.

### [43 South., 177.]

BONDS. *Penalty. Liquidated damages. United States mail. Sub-contractor.*

    A bond given to a contractor by a subcontractor to secure the carrying of the United States mail between designated points, with a stipulation that the amount should be deemed as liquidated damages, is nevertheless penal and only actual damages can be recovered for its breach.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Mrs. Brevard, the appellee, was plaintiff in the court below; Coker, the appellant, and others were defendants there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The appellee, having a government contract for carrying the United States mail over a star route, entered into a written subcontract with one Hillerman by which he agreed to carry the mail over the route for a term of years, she agreeing to pay him therefor $550 per annum. This subcontract was in the form of a bond with sureties for the faithful performance of the contract, and was duly signed by Hillerman as principal and by appellant Coker and one Murphee, as sureties. Excluding the formal parts, it read as follows:

"The said party of the second part (Hillerman) and his sureties do jointly and severally undertake, covenant and agree and bind themselves and each of them to and with the party of the first part (Brevard) in the sum of $800 to transport the United States mail on the said route, from Okalona by Parkersburg to Houston, and back six times a week, from November 1, 1900, to June 30, 1904, inclusive, upon such schedule as the postmas-

ter-general may direct, and in compliance with the postal regulations, and subject to the requirements of the party of the first part (Brevard) under her contract with the United States Government, for $550 per annum. . . . It is hereby further agreed that in case of failure or refusal by the party of the second part (Hillerman) to perform the mail service herein provided for, then the sum of $800 hereinbefore stipulated shall become immediately due to the party of the first part as liquidated damages and not as a penalty, and, in default of payment thereof, may be recovered in an action of debt."

Hillerman failed to carry out the contract or to make effort to do so, and neither of his bondsmen, though promptly notified by appellee in writing, would do so. Appellee thereupon made other arrangements to have the mail carried, and in March, 1901, brought an action of debt for $800 and interest from November 1, 1900, the date of the breach of the contract. The two sureties, Coker and Murphee, were duly summoned by appropriate process, but no service was ever obtained on Hillerman. Murphee made no defense. Coker defended on the ground of his own intoxication at the time he signed the bond; and contended on the trial that Mrs. Brevard was not entitled to recover the $800 as liquidated damages, but could only recover actual damages. The evidence was conflicting as to the extent of Coker's intoxication when he signed the bond. The actual damages sustained by appellee by the breach of the bond amounted to $553. The jury returned a verdict for plaintiff against the defendants, the sureties, for $800 with interest, the full sum demanded, and judgment was entered accordingly. The court below granted plaintiff an instruction to the effect that "if the jury believed from the evidence that the defendants, Coker and Murphee, signed the bond freely and voluntarily and with knowledge of its contents, they must render a verdict for the plaintiff in the sum of $800, the amount named in the bond as liquidated damages, with interest at six per cent. per annum from date of breach," and refused.

to grant an instruction, asked by the defendants, limiting recovery of plaintiff to actual damages sustained by her, the excess paid out by her for the transportation of the mails over and above what she would have been required to pay Hillerman under the contract.

*McFarland & McFarland,* for appellant.

It was error in the lower court to grant the first instruction asked by the plaintiff. This instruction charged the jury that if they believed from a preponderance of the testimony that the defendants signed the bond freely and voluntarily and with a knowledge of its contents, they should render a verdict for the plaintiff for $800, the amount named in the bond as liquidated damages, with legal interest thereon. It was, in equal degree, error in the lower court to refuse to grant the first instruction asked by defendant, limiting recovery to actual damages sustained by the plaintiff, the excess of the cost to plaintiff of the transportation of the mails during the existence of the contract, over and above what it would have been if Hillerman, the subcontractor, had transported it according to the terms of the contract with plaintiff.

The amount, $800, named in the bond, should have been considered as a penalty, not as liquidated damages. 7 Pac. Rep., 548. But under the first instruction granted to the plaintiff, Coker, the appellant (defendant below), as surety would be responsible to plaintiff for $800 if Hillerman, the subcontractor, failed to carry the mail only one day during the four years covered by the contract, even though the actual damage to plaintiff would not have been in excess of $2.50. That is to say, if the subcontractor had faithfully performed his contract year in and year out until the very last day of the contract period, plaintiff could still recover $800 damages, if the subcontractor failed on the very last day of the period. Certainly this cannot be the law. In nearly every case to be found, where the amount mentioned in a bond has been held

to be liquidated damages, that amount is so much per diem, and not a lump sum, thereby making the damages for a breach of a few days much less than for a more extended duration of weeks or months. See *Wilhelm* v. *Eaves,* 14 L. R. A., 297, and cases there cited. Also, 1 Suth. Dam. (1882), 521.

An amount plainly in excess of just compensation for breach of contract cannot be arbitrarily fixed as liquidated damages. It is only where the damages are not susceptible of calculation, or where the amount has been reached by fair calculation, that a sum agreed upon as liquidated damages will be suffered to be recovered as such. *Chicago, etc., Co.* v. *United States,* 53 L. R. A., 122, 106 Fed. Rep., 385.

The damages recoverable by the plaintiff in this case should have been the difference between the cost of a fairly chosen transportation agent employed after the failure of Hillerman, the subcontractor, and the cost to plaintiff of the transportation which failed; an amount easy of ascertainment. 13 Cyc., 93; *Bright* v. *Rowland,* 3 How. (Miss.), 398, 1 Suth. Dam. (1882), 478, 13 I. R. A., 671, 19 Am. & Eng. Ency. Law (2d ed.), 396, 10 L. R. A., 826 and notes, 28 L. R. A., 487.

*George C. Paine,* on the same side.

It was error in the court below to grant the first instruction asked by the appellee, and to refuse the first instruction asked by appellant. "In determining whether an amount in a contract is to be taken as a penalty or as liquidated damages, courts are influenced largely by the reasonableness of the transaction and are not restrained by form of the action or agreement nor by the terms used by the parties, nor even by their manifest intent, and if the instrument provides that a larger sum shall be paid, on the failure of the party to pay a less sum, the larger sum is a penalty, and where the damages are capable of being known and estimated, the sum fixed upon as damages will be treated as a penalty, although declared to be intended as liquidated damages." 13 Cyc., 93.

The rule of construction of contracts such as the one here under consideration has been laid down by this court in the opinion of Justice SHARKEY in *Bright* v. *Rowland,* 3 How. (Miss.), 398.

*E. O. Sykes, Jr.,* for appellee.

The principal question here is whether the $800 mentioned in the contract between appellant and the subcontractor should be considered as liquidated damages or as a penalty. Opposing counsel contend that it should be considered merely as a penalty, and that the appellee, as plaintiff below, could legally recover only the amount of her actual damages.

Whether a sum mentioned in a contract of this kind is meant for liquidated damages or a penalty is, generally, considered a question difficult of solution; and the authorities show many shades of difference and distinction, some absolutely without merit. But while many distinctions exist, there are certain well-established rules to which we may look to determine the interpretation of the contract. These rules, when considered together, lay down the following principle:

Where the damages resulting from a breach of contract are uncertain and difficult to ascertain by proof or calculation at the time of the breach, and the amount named as liquidated damages is not patently excessive, unconscionable or oppressive, and the contract distinctly sets out the fact that the intention of the parties thereto was to make the sum liquidated damages in case of breach, the courts, in such case, will allow recovery of the stipulated sum as liquidated damages.

It is not denied that where the damages are easily ascertainable and capable of exact proof or computation, and an amount has been named as liquidated damages, as in the case of interest, then the actual damages should prevail, and not the amount named as liquidated damages. But the principle first stated above will govern in this case at bar.

Council for appellant misconstrue the contract involved in

this case. For instance, they say that according to the first charge given to the jury for appellee, Coker as surety would have been held responsible to appellee for the sum of $800 named in the bond, if the subcontractor, Hillerman, had failed to carry the mail for only one day of the whole term. This is a mistake. The contract provides for certain fines and deductions which are to be made in case of certain derelictions. Partial failure to perform the contract is provided for by fines and forfeitures. It is only in case of total failure or refusal to perform the contract, or abandonment of the same, that the full sum of $800 can be recovered.

To state the proposition in another way: The only breach of this contract was the total failure of Hillerman, the subcontractor, to carry the mail. Had he failed to carry the mail for only one day, he would, of course, have had a certain amount deducted from his pay, as provided in the subcontract, which was exactly the same in language as the contract of the United States Government with Brevard, the appellee. And if appellee had sued, in case of such small failure, for the full sum of $800, the subcontractor, or his surety, Coker, could very properly have defeated the suit, as regards recovery for the full amount, by exhibiting the contract and showing therefrom that he was only liable to pay a small fine.

Note the language of the contract: "The said party of the second part and his sureties aforesaid do jointly and severally undertake, covenant and agree and do bind themselves and each of them to and with the said party of the first part in the sum of $800, to transport the United States mail on said route, No. 26,140 from Okalona to Houston and back, six times a week, from November 1, 1900, to June 30, 1904, inclusive. . . . It is hereby further agreed that in case of failure or refusal by the party of the second part to perform the mail service herein provided for, then the sum hereinbefore stipulated shall become immediately due to the party of the first part as liquidated damages and not as a penalty, and

in default of payment thereof, may be recovered in an action of debt." This contract was breached the very day its performance was to begin. It was to cover a period of three years and nine months. The compensation of Hillerman, the party of the second part, was to be $550 a year. The amount named in the contract as liquidated damages was only $800. Now it cannot be denied that the appellee, Mrs. Brevard, was damaged by the breach on the very first day the contract was to begin, but there were no rules of evidence by which the damages could be approximated on that day. It might have been possible for her to have re-let the contract to some one else with very little additional expense; and, on the other hand, her expenses or damages might have been a very large amount. In fact, as regards the total of actual damages, the appellee's agent, L. E. Brevard, who personally represented the appellee throughout, testified that it was, at the time of the trial, impossible to estimate exactly the actual damages sustained by the appellee by reason of the breach. It certainly cannot be said that the amount of $800, prescribed by the contract as liquidated damages was grossly excessive, unconscionable or exorbitant, or that fraud was practiced upon the subcontractor and his sureties.

In construing the contract it will be found that ample provision was made therein for all partial derelictions and failures, and protection against complete liability to the full extent of the $800 was made for the subcontractor and sureties by different fines and forfeitures. And, this being true, the case of *Bright* v. *Rowland,* 3 How. (Miss.), 398, is not in point. However, it is of importance to note that the opinion in that case recognizes that liquidated damages can be recoverable in certain cases.

That the first instruction granted to the appellee was correct, is evident from the authorities. 1 Suth. Dam. (1882), sec. 6, p. 475 *et seq.; Dakin* v. *Williams,* 17 Wend., 447; *Crisdee* v. *Bolton,* 3 C. & P., 240.

The subject matter of the contract and the intention of the parties are the controlling guides in determining the meaning of the contract. If, from the nature of the agreement, it is clear that any attempt to get at the actual damages would be difficult, if not in vain, then the courts will incline to give the relief to which the parties have agreed. But if, on the other hand, the contract is such that the strict construction of the phraseology would work absurdity or oppression, the use of the words "liquidated damages" will not prevent the court from inquiring into the actual injury sustained, and doing justice between the parties. 13 Cyc., 90; 2 Sedgw. Damages (7th ed.), 399; Pom. Eq. Jur., sec. 433; *King Iron Bridge Co.* v. *City of St. Louis,* 10 L. R. A., 829 (note); 19 Am. & Eng. Ency. Law (2d ed.), 402 *et seq.*

*Lyon & Lyon,* on the same side.

Damages in contemplation of law are either liquidated or unliquidated. Liquidated damages are such as have been ascertained by a judgment of court or by the specific agreement of parties.

In this case the parties had agreed beforehand what should constitute the measure of damages for a total breach of the contract; and the measure was not unconscionable or oppressive. In view of the circumstances, and especially as no fraud was practiced in procuring the appellee and other obligors to execute the contract, the case should be affirmed.

WHITFIELD, C. J., delivered the opinion of the court.

We think the court, in the light of modern authorities in this state and elsewhere, erred in construing the $800 to have been fixed as liquidated damages, and not as a penalty. See *Bright* v. *Rowland,* 3 How. (Miss.), 398. So far as the defense of drunkenness is concerned, the jury have settled that; and, there being evidence to support their finding, we would not be warranted in interfering with it.

*The judgment of the court below is reversed, and the cause remanded.*